UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Isidro L., | File No. 26-CV-537 (JMB/DLM) |
| Petitioner, | |
| v. | |
| Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Pamela Bondi, *Attorney General*; Daren Margolin, *Executive Office for Immigration Review*; David Easterwood, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security*. | ORDER |
| Respondents. | |

Shana L. Drengenberg and Thomas R. Anderson, III, Anderson & Anderson, Minneapolis, MN, for Petitioner.

Julie T. Le and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Isidro L.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Todd M. Lyons, Kristi Noem, Pamela Bondi, and David Easterwood (together, "Respondents") oppose the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1.     Petitioner entered the United States without inspection in or around August or September of 2022. (Pet. at 13.)

2.     After his original entry into the United States, Petitioner was released by Department of Homeland Security under § 1226 on September 1, 2022, and placed into removal proceedings under § 1229(a). (*Id.* at 2; Doc. No. 1-1 at 3–4, 7–10.)

3.     On July 9, 2025, Isidro L. applied for Asylum and for Withholding of Removal to the Executive Office for Immigration Review. (Pet. at 13.)

4.     On January 21, 2026, Isidro L. was detained by ICE at his routine check-in appointment. (*Id.* at 2.) His Petition was filed the same day. (*Id.*) Isidro L. seeks immediate release subject to the conditions of his September 1, 2022, Order of Release on Recognizance or, alternatively, a bond hearing. (*Id.* at 14.)

5.     Prior to his detention, Isidro L. was residing in Minnesota with his partner, friend, and his child who is a U.S. Citizen. (*Id.* at 13.)

6.     Isidro L. has no criminal history. (*Id.*)

7.     On January 22, 2026, the Court issued an order temporarily restraining and enjoining Respondents from moving Petitioner out of the District of Minnesota until the Court issued a ruling on the Petition, and ordering Respondents to answer each count of

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

the Petition and whether the absence of a warrant preceding Isidro L.'s arrest necessitates his immediate release. (Doc. No. 3.)

8. Respondents timely filed a one paragraph Response on January 25, 2026. (Doc. No. 6.)

9. The Court was also notified that after its order enjoining Respondents from transferring Isidro L. on January 22, 2026, Isidro L. was in fact transferred to El Paso, Texas, the next morning on January 23.[3] (Doc. No. 7.) Isidro L.'s counsel states that at this time, the ICE detainee Locator continues to show that Petitioner is detained in El Paso, Texas. (*Id.*)

## DISCUSSION

Respondents generally oppose the Petition, explaining that it "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)). (Doc. No. 6.) Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*) In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Isidro L. is mandatory pursuant to 8 U.S.C. § 1225(b). As this Court has previously concluded, however, Respondents' interpretation lacks merit. Furthermore, Respondents do not

---

[3] As a threshold issue, the Court finds that the physical transfer of Isidro L. to El Paso, Texas, after the initiation of this proceeding did not deprive this Court of jurisdiction over his habeas petition, *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981). This is particularly true because he was transferred after—and in violation of—the Court's order enjoining Respondents from transferring him out of the District of Minnesota. (Doc. No. 3.)

3

address their failure to comply with a statutory requirement that they obtain a warrant prior to the arrest of Isidro L.  Nor do Respondents address Isidro L.'s arguments that he should be immediately released because he was already provided with a bond hearing pursuant to § 1226 and has an Order of Release on Recognizance.  For these three reasons, the Court grants the Petition in part and orders immediate release.[4]

### A.     Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of

---

[4] Because Isidro L.'s arguments primarily concern his entitlement to immediate release, the Court determines that here, immediate release is the primary relief sought under 28 U.S.C. § 2241 and declines to address the remaining relief requested, including injunctive relief concerning a hypothetical request for an "auto-stay" of an order by an immigration judge at the yet-to-occur.

evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B.    Interpretation of Section 1225

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and

beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Isidro L. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado*

6

*v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).  For these reasons, the Court finds that Isidro L.'s detention is governed by section 1226(a), and he is not subject to section 1225(b).

      C.     **Absence of Warrant Prior to Arrest**

The Court also ordered Respondents to answer whether the absence of a warrant preceding Isidro L.'s arrest necessitates his immediate release.  Respondents did not make any arguments concerning this, and, therefore, they have waived any opposition to this independent basis for granting the Petition.  (*See* Doc. No. 3.)

The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a).  *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)).  Respondents have not presented evidence to the contrary or otherwise responded to this portion of the Court's previous Order.  Consequently, the Court grants the Petition and orders Isidro L.'s immediate release.  *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15,

2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).

   D.   **Prior Release Pursuant to § 1226(a)**

Isidro L. also asserts that his detention is unlawful and that he should be immediately released because Respondents, having previously released him on an Order of Recognizance after a hearing pursuant to § 1226, have shown no change in circumstance that allow for his redetention at this time. (Pet. at 2, 14.) Given the lack of any response from Respondents on this basis, the Court agrees with Isidro L. and grants the Petition on this basis.

Even assuming that Respondents had contested this basis for release, the Court is also persuaded by the reasoning of the *Barco Mercado* court on the issue of whether the redetention of a person previously ordered released under section 1226—without Respondents first formally revoking that order of release or following any procedures prior to making a decision that conflicts with an order of release—violates due process. Persons ordered released become entitled to procedural protections:

> If respondents were going to redetain [a person previously ordered released] lawfully, they would have had to have done so pursuant to section 236 and its attendant regulations. To be sure, section 236(b) would have allowed the Attorney General to, at any time, revoke [the person's] bond, rearrest him under the original warrant he was issued, and detain him. . . . But redetaining [a person] under section 236 would have required respondents to provide [the person] with a series of procedural protections set forth in applicable regulations. To properly redetain [a person] under section 236, an immigration officer first would have had to exercise his or her discretion to revoke

8

> CASE 0:25-cv-04722-JMB-DTS Doc. 14 Filed 12/24/25 Page 9 of 12 10 [the person's] release on bond. After [the person] was redetained, his bond would have had to have been revoked and cancelled. [The person] then could have applied to an immigration judge for a bond hearing and release. If the immigration judge denied his request, [the person] could have appealed that decision to the BIA.

*Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, 8, & n.22 (S.D.N.Y. Nov. 26, 2025) (citing 8 C.F.R. § 236.1(c)(8)-(9) & (d)).

As in *Barco-Mercado*, due process compels release in this case. It is undisputed that Isidro L. was ordered released on his own recognizance pursuant to section 1226, and had been residing in the United States pursuant to that decision for more than two years before his January 21, 2026 arrest. (*See* Doc. No. 1-1.) The record also shows that no official made any individualized, discretionary decision to revoke Isidro L.'s section 1226 release. Instead, Isidro L. was detained solely pursuant to Respondents incorrect interpretation of section 1225. (See, e.g., Doc. No. 6.) On this record, there is no evidence that any official afforded any process at all to Isidro L. prior to his arrest. This lack of process and the redetention of Isidro L. under the wrong statute violated his due process rights. See *Barco Mercado*, 2025 WL 3295903, at *12. Accordingly, the Court grants the Petition.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner from custody in Minnesota <u>immediately</u>, and in any event no later than <u>4:00 p.m. CT on January 28,</u>

      2026, subject to and in accordance with the conditions of his preexisting Order of Release on Recognizance dated September 1, 2022.

2. On or before <u>11:00 a.m. CT on January 29, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was returned to Minnesota and released from custody in accordance with this Order.

3. Petitioner may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

4. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 26, 2026                                      /s/ *Jeffrey M. Bryan*
                                                                                  Judge Jeffrey M. Bryan
                                                                                  United States District Court