**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Isidro L.,

Petitioner,

v.

Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Pamela Bondi, *Attorney General*; Daren Margolin, *Executive Office for Immigration Review*; David Easterwood, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security*.

Respondents.

File No. 26-CV-537 (JMB/DLM)

**ORDER**

---

Shana L. Drengenberg, Anderson & Anderson, Minneapolis, MN, for Petitioner.

David Fuller and David R. Hackworthy, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Isidro L.'s[1] motion for an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (Doc. No. 14.) For the reasons discussed below, the Court grants the motion.

## BACKGROUND

Isidro L. is a citizen of Nicaragua who entered the United States without inspection in or around August or September, 2022. (Doc. No. 8 ¶ 1; Doc. No. 1 at 5.) After his

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

original entry into the United States, Isidro L. was released by the Department of Homeland Security under section 1226 on September 1, 2022, and placed into removal proceedings under section 1229(a). (Doc. No. 8 ¶ 2.) On July 9, 2025, Isidro L. applied for asylum and withholding of removal to the Executive Office of Immigration Review. (*Id.* ¶ 3.)

On January 21, 2026, Isidro L. was detained by Immigration and Customs Enforcement (ICE) officers during his routine immigration check-in appointment. (*Id.* ¶ 4.) That same day, Isidro L. filed his Petition for a writ of habeas corpus, asserting that Respondents incorrectly sought to apply section 1225 instead of section 1226 (Doc. No. 1 at 16) and that Respondents' detention of Isidro L. violated his due process rights (*id.* at 17). The Court ordered Respondents to respond to the Petition by January 26, 2026, at 11:00 a.m. (Doc. No. 3.) Respondents timely filed a one paragraph response, advancing a novel interpretation of 8 U.S.C. § 1225(b)(2), but not otherwise responding to the asserted due process violation in the Petition. (Doc. No. 6.) The Court first granted the Petition on the grounds that Respondents' novel interpretation of 8 U.S.C. § 1225(b)(2) was contrary to existing law and the plain language of the relevant statutes. (*See* Doc. No. 8.) Separately, the Court also granted the Petition on the grounds that Isidro L. was not provided with sufficient due process of law concerning revocation of a previous order of release from ICE custody. (*Id.*) The Court then ordered Respondents to release Isidro L. in Minnesota, in accordance with the conditions of his previous release order, on or before January 28, 2026, at 4:00 p.m. (Doc. No. 8 at 8–9.)

The Court also ordered Respondents to file a letter with the Court affirming that Isidro L.'s release from custody on or before January 29, 2026, at 11:00 a.m. (*Id.*)

Respondents did not timely file a letter with the Court, nor did they file a request for an extension of time. (Doc. No. 10.) Isidro L. was not released from custody until January 30, 2026, two days after the Court had previously ordered release. (Doc. No. 12.) Respondents' non-compliance with the Court's orders led the Court to issue three show-cause orders. (Doc. Nos. 10–11, 13.) Eventually, on February 24, 2026, Respondents filed a status report complying with the Court's previous orders. (Doc. No. 16.)

## DISCUSSION

Petitioner Isidro L. seeks his attorneys' fees and costs under the EAJA in the amount of $1,491.75. Respondents oppose the motion.

The EAJA is meant to eliminate barriers to the average person who seeks to challenge unreasonable government action. *Jerson A.D.G. v. Bondi*, No. 26-CV-0516 (DWF/SGE), 2026 WL 776808, at *1 (D. Minn. Mar. 19, 2026) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)). In that vein, the EAJA provides that a "prevailing party" with a qualifying net worth may recoup their "fees and other expenses . . . incurred by that party in any civil action . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). A motion for fees and costs under the EAJA must be brought within thirty days of a final judgment. 28 U.S.C. § 2412(d)(1)(B).

Respondents do not dispute that Isidro L. was the prevailing party in this action. Instead, Respondents argue only that their basis for opposing the petition—that is, their interpretation of 8 U.S.C. § 1225(b)(2) as requiring Isidro L.'s mandatory detention—was substantially justified. (Doc. No. 19 at 2–5.) On this point, Respondents bear the burden

of proof. *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). To be substantially justified, Respondents' argument need not have been correct, but it must have been "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680 (8th Cir. Nov. 28, 2008). At the time the Petition was pending, Respondents' interpretation of section 1225(b)(2) had no legal support. However, since then, the Eighth Circuit decided *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). *Id.* at 1133–35 (concluding that section 1225(b)(2) requires the mandatory detention of non-citizens, without any individualized determination and regardless of whether the non-citizen is encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry); *but see Rodriguez Vazquez v. Bostock*, __F.4th__, __, No. 25-6842, 2026 WL 2196424, at *9, 16 (9th Cir. July 30, 2026) (rejecting Respondents' "newfound interpretation" as inconsistent with "the assertedly unambiguous language of the statute" and because "it raises various textual and interpretive problems" and citing similar holdings from the Second, Sixth, Tenth, and Eleventh Circuits).

The holding in *Avila*, however, does not compel denial of the instant motion. In this case, the Court's decision to grant Isidro L.'s petition did not rest on the resolution of the parties' competing interpretations of 8 U.S.C. §§ 1225 and 1226 alone. Instead, the Court granted the petition on alternative grounds, separate and apart from the disagreement concerning sections 1225 and 1226: Isidro L. was previously released on an Order of Recognizance, did not violate any terms of the release, and was not been provided with sufficient due process of law concerning revocation of that release. (Doc. No. 8 at 7–9.) Importantly, Respondents never disputed this alternative basis for granting the Petition.

Respondents' failure to respond to this basis for relief—a legal argument that ultimately won the day—was not substantially justified. Further, in response to Isidro L.'s motion, Respondents make no assertion that their failure to respond was justified. Nor do Respondents offer any argument that their detention of Isidro L. without first revoking his previous release order was justified at all, let alone substantially justified. In addition, Respondents make no argument that the conduct that led to the Court's issuance of two show-cause orders and the Court's scheduling of a contempt hearing (which caused Isidro L.'s counsel to perform additional work and charge additional fees) was substantially justified. For these reasons, the Court grants Isidro L.'s request for an award under the EAJA.[2]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Isidro L.'s motion for attorneys' fees under the EAJA (Doc. No. 14) is GRANTED.
2. Petitioner Isidro L. is awarded $13.75 in costs and $1,487.00 in attorneys' fees.

Dated: August 17, 2026

/s/ Jeffrey M. Bryan
Judge Jeffrey M. Bryan
United States District Court

[2] Respondents do not make any alternative argument regarding the reasonableness of Isidro L.'s counsel's hourly rate or substance of his billing entries. (*See* Doc. No. 19.)